\*\* **E-filed February 2, 2012** \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WEST MARINE, INC., <br><br> Plaintiff, <br> v. <br><br> WATERCRAFT SUPERSTORE; INC; and DOES 1-50, <br><br> Defendants. | No. C11-04459 HRL <br><br> **ORDER GRANTING WEST MARINE'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> **[Re: Docket No. 13]** |

Plaintiff West Marine, Inc. ("West Marine") has moved for an administrative order to file under seal certain documents in connection with its Opposition to Defendant's Motion to Dismiss. West Marine alleges that all of the following have been designated confidential by the defendant, Watercraft Superstore, Inc. ("Watercraft"): 1) pages 33-35 and 77-83 of the deposition of Greg Pickren (Dkt. 14, Exh. 3 ("Pickren Depo.")); 2) summaries of Watercraft's sales numbers and sales through Ebay, marked as WATER000037-000038 ("Exhibit 7 to Pickren Depo."); 3) summaries of Watercraft's sales number, marked as WATER00002 ("Exhibit 8 to Pickren Depo."); 4) summaries of Watercraft's purchases from suppliers, marked as WATER00003 ("Exhibit 9 to Pickren Depo."); 5) Watercraft's Objections and responses to West Marine's first set of interrogatories ("Exhibit 10 to Pickren Depo." and "Exhibit E to Chang Dec." (Dkt. No. 14, Exh. 5)); and 6) references to the above in West Marine's Opposition brief (Dkt. No. 14). See Dkt. No. 13.

Plaintiff's motion notified Watercraft of its duty to file and serve a declaration establishing that the designated exhibits were sealable within seven days. See Civ. L.R. 79-5(d). Watercraft filed a declaration on February 1, which attests that its sales volume and individual supplier volume are confidential because Watercraft has never released this information or made it available to the public. Dkt. No. 22. In addition to the first five items listed above, Watercraft identifies 12 portions of West Marine's Opposition that address confidential information. See Dkt. No. 22 ¶ 4. Further, Watercraft declares that disclosure of this information would benefit its competitors to its detriment. Id. at 2. Accordingly, the court concludes that the material for which sealing is sought is confidential commercial information, and public disclosure would likely harm defendants. The motion to seal is therefore GRANTED.

The Clerk shall SEAL the following: pages 33-35 and 77-83 of the Pickren Deposition, and Exhibits 7, 8, 9, and 10 thereto (Dkt. No. 14, Exh. 3); and from West Marine's Opposition, 1) Page 1:23-24; 2) Page Page 6:11,15, fn.8; 3) Page 7:7-9,11-12, fn.10; 4) Page 8:9; 5) Page 14:11, 21; 6) Page 15:16-18; and 7) Page 19:14.

**IT IS SO ORDERED.**

Dated: February 2, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04459 HRL Notice will be electronically mailed to:**

| | |
|---|---|
| Ian Ballon | ballon@gtlaw.com |
| Lisa C. McCurdy | mccurdyl@gtlaw.com |
| Benjamin Ross Lemke | blemke@mount.com |
| David Harlan Fingerman | dfingerman@mount.com |
| Kathryn G. Spelman | kspelman@mount.com |
| Lori Chang | changl@gtlaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**