*E-FILED: November 27, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WEST MARINE, INC., <br><br> Plaintiff, <br> v. <br> WATERCRAFT SUPERSTORE, INC. and DOES 1-50, inclusive, <br><br> Defendants. | No. C11-04459 HRL <br><br> **ORDER DENYING WEST MARINE'S MOTION FOR SUMMARY JUDGMENT ON WATERCRAFT SUPERSTORE'S COUNTERCLAIMS** <br><br> **[Dkts. 64]** |

This action arises from failed negotiations over the shared use of a trademark. Plaintiff West Marine, Inc. ("West Marine") and defendant Watercraft Superstore, Inc. ("Watercraft") are purveyors of boating equipment. Both parties attempted to register with the U.S. Patent and Trademark Office ("USPTO") a similar mark ("the mark" or "Blacktip mark"). Watercraft had filed its application with the USPTO first. West Marine approached Watercraft to negotiate an agreement to govern shared use of the mark, and withdrew its own application for trademark protection. The negotiations failed to yield an agreement, but West Marine has been using the mark in connection with fishing tools and accessories, clothing, hats, visors and personal floatation devices. West Marine filed this action against Watercraft for breach of oral contract and related claims (breach of the covenant of good faith and fair dealing, intentional and negligent interference with economic advantage, declaratory and injunctive relief, unjust enrichment, quantum meruit, and promissory estoppel). Watercraft counterclaimed for trademark infringement and related claims (false

designation of origin, unfair competition, trademark dilution, injury to business reputation, and unfair business practices).

Third party Surftech, LLC ("Surftech") also had a federal trademark registration for the Blacktip mark. Surftech had acquired its right to use the Blacktip mark before Watercraft had acquired its right to use the Blacktip mark, but Surftech had the right to use the mark in connection with surfboards. After filing this suit, West Marine obtained an assignment of Surftech's right to use the Blacktip mark ("Surftech Assignment"). West Marine moves for dismissal of the counterclaims on the basis that the Surftech Assignment gives it priority rights in the Blacktip mark, thus defeating Watercraft's counterclaims. In opposition to the motion, Watercraft contests the validity of the Surftech Assignment and argues that, even if it were a valid assignment relevant to this action, the Surftech Assignment would only cover the narrow product class of surfboards, not all of the other goods at issue in this suit. On November 13, 2012, this Court heard West Marine's motion for summary judgment.[1] Based on the papers filed by the parties, as well as the arguments of counsel, the motion is denied.

West Marine has failed to establish that the Surftech Assignment defeats Watercraft's counterclaims. To prevail on its motion, West Marine needed to establish, *inter alia*, that its use of the Blacktip mark in connection with its fishing equipment, accessories, clothing, and personal floatation devices was related to or within the zone of natural expansion of the rights it has now acquired from Surftech. It did not do so. The evidentiary submissions from both parties on this fact-intensive inquiry only established the existence of disputed issues of material fact. Although West Marine objects to some of the evidence submitted by Watercraft, the evidence that it does not object to amply shows that disputed issues of material fact preclude summary judgment. For these reasons, and for the reasons stated on the record at the hearing, West Marine's motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 27, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned magistrate judge.

2

**C 11-04459 HRL Order will be electronically mailed to:**

Allen Ruby: Allen.Ruby@Skadden.com, abraham.andrade@skadden.com, chandra.snyder@skadden.com, marilyn.garibaldi@skadden.com, rosanna.keenan@skadden.com, thomas.christopher@skadden.com

Benjamin Ross Lemke: blemke@mount.com, mdavalos@mount.com

Chandra Sophia Snyder: chandra.snyder@skadden.com

Daniel Harlan Fingerman: dfingerman@mount.com, ecf@mount.com, jcherng@mount.com, mdavalos@mount.com

Ian Ballon: ballon@gtlaw.com, kolbers@gtlaw.com

Kathryn G. Spelman: kspelman@mount.com, mbikul@mount.com, mdavalos@mount.com

Lisa Christine McCurdy: mccurdyl@gtlaw.com, rodriguezje@gtlaw.com

Lori Chang: changl@gtlaw.com, cronkritec@gtlaw.com

Wendy Michelle Mantell: mantellw@gtlaw.com, rincona@gtlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**